JjTHIBODEAUX, Judge.
Life Investors Insurance Company of America sued John R. Young Chevrolet, Inc. *520 to recover $25,695,00 which the plaintiff paid on a policy of credit life insurance negligently written by the defendant. The defendant was a licensed insurance agent commissioned under the laws of Louisiana. The suit was filed thirteen months after the plaintiff discovered the defendant’s error. Louisiana Revised Statutes 9:5606 prohibits the filing of suits against insurance agents more than one year after discovery of negligence or misconduct. The trial court granted the ^defendant’s exception of prescription, and the plaintiff appeals. For the following reasons, we affirm the trial court’s judgment which granted the exception of prescription filed by John R. Young Chevrolet, Inc.
I.

ISSUES

We must decide:
1) whether an action seeking indemnity is an action for damages or an action for specific performance of a contract; and
2) whether the one year prescriptive period of La.R.S. 9:5606 applies to an action for indemnity arising from an insurance agent’s failure to properly show a preexisting condition on an application for insurance.
II.

FACTS

Elizabeth Breaux was an employee of John R. Young Chevrolet, Inc. (Young Chevrolet). John R. Young, Young Chevrolet, and Ms. Breaux were licensed insurance agents in the state of Louisiana. Young Chevrolet entered into an agency contract with Life Investors Insurance Company of America (Life Investors) to sell credit life insurance on the automobile loans generated by Young Chevrolet. In July of 1995, Elizabeth Breaux sold credit life insurance on an auto loan to Mr. John D. Faul. On the insurance application, Ms. Breaux negligently indicated that Mr. Faul had no preexisting illness. Mr. Faul died in April of 1996 of a pre-existing heart condition.
On July 31 of 1996, Life Investors obtained an affidavit from Elizabeth Breaux stating that she, not Mi'. Faul, had marked the answers on the application of insurance. The affidavit further stated that Mr. Faul had explained to Ms. Breaux that jghe was on preventative maintenance for previous heart problems. In August of 1996, Life Investors paid the insurance proceeds of $25,695.00 under the policy and demanded reimbursement from Young Chevrolet for the loss caused by Elizabeth Breaux. On September 5, 1997, Life Investors filed suit to recover the $25,695.00 plus interest. Hence the suit, filed in September of 1997, was filed more than one year after discovery of the error of Elizabeth Breaux at the end of July or beginning of August of 1996, and more than one year after the loss/payment in August 1996. Louisiana Revised Statutes 9:5606 prohibits the filing of suits “for damages” against licensed insurance agents more than one year after discovery of the negligence or misconduct. Accordingly, Young Chevrolet filed an exception of prescription. The exception was granted by the trial court.
Life Investors appealed the decision, alleging that its suit was not for “damages” but for “specific performance” under its contract with Young Chevrolet, and that the one-year prescriptive period of La.R.S. 9:5606 would not apply. The suit filed by Life Investors was titled “Petition For Monied [sic] Owed Under Agency Contract.” It sought reimbursement pursuant to the indemnity provision in the contract between Life Investors and Young Chevrolet for the amount of money lost. Life Investors would have us apply the ten-year prescriptive period for actions in contract, which would render its suit timely filed. We decline to do so. We find that the one-year prescriptive period of La.R.S. 9:5606 applies for two reasons. First, this is not a suit for specific performance of the principal obligation, and Breaux’s negligence in filling out the application of insurance breached the contract in such a way as to make specific performance of the principal obligation impossible. Second, a suit seeking indemnity for a loss paid under a contract to sell insurance is a suit for damages, and La.R.S. 9:5606 prohibits all actions for damages after one year based Lupon tort or contract or otherwise. For reasons more *521 fully set forth below, we affirm the trial court’s judgment granting the exception of prescription of John R. Young Chevrolet, Inc.
III.

LAW AND DISCUSSION

Assignments of Error
Life Investors Insurance Company of America asserts that the trial court erred in the following respects:
A. The trial court erred by failing to recognize that there is a difference between (1) the remedy of enforcing specific performance of a contract and (2) the remedy of recovering damages for breach of a contract.
B. The trial court erred in concluding that a suit to compel specific performance of a contract involving payment of money is the same thing as an action for damages.
C. The trial court erred in holding that La.R.S. 9:5606 applies to suits for specific performance.
Life Investors contends that its suit against Young Chevrolet for money owed is not a suit for damages arising from breach of contract, which is prescribed under La.R.S. 9:5606. Louisiana Revised Statutes 9:5606 provides as follows:
No action for damages against any insurance agent, broker, solicitor, or other similar license under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
Focusing upon the word “damages,” Life Investors contends that its suit is not for damages but for the alternative remedy of specific performance. It asserts |sthat the trial court failed to appreciate the difference between specific performance for money owed and money damages. We disagree. Our review of the record indicates that Life Investors failed to appreciate the difference between a suit for specific performance of the principal obligation of a contract and a suit to enforce a damage clause in a contract.
Specific Performance and the Principal Obligation
As a threshold matter, the contract between Life Investors and Young Chevrolet was a contract to write credit life insurance on auto loans, and to deliver the premiums to the insurer. Accordingly, Young Chevrolet performed, albeit deficiently, the principal obligation of writing the required policies, and there are no allegations that it failed to deliver the premiums. Hence, Life Investors is not seeking specific performance of its contract with Young Chevrolet in an effort to force Young to perform the principal obligation, that is, to write insurance policies and deliver the premiums to Life Investors. Yet, that performance is the specific performance allowed under the articles of the Louisiana Civil Code. More specifically, the Louisiana Civil Code provides in pertinent part:
Art.1994. Obligor liable for failure to perform
An obligor is liable for his failure to perform a conventional obligation. A failure to perform results from non-performance, defective performance, or delay in performance.
Art.2007. Stipulated damages or performance
An obligee may demand either the stipulated damages or performance of the principal obligation_(emphasis supplied).
|6In the present case, performance was given but was defective and the contract was negligently breached[1] when agent Elizabeth *522 Breaux wrote life insurance on a purchaser with a known preexisting heart condition, failing to follow the procedures set forth by Life Investors. However, that policy cannot be rewritten, and specific performance for that breach is impossible. The Louisiana Civil Code provides that when performance is impracticable, damages may be awarded:
Art.1986. Right of the obligee
Upon an obligor’s failure to perform an obligation to deliver a thing ... the court shall grant specific performance plus damages if the obligee so demands. If specific performance is impracticable, the court may allow damages to the obligee, (emphasis supplied).
Since performance of the principal obligation is impracticable and indeed is not being sought in this case, the only remedy available to Life Investors is “damages” to recover the $25,965.00 in insurance proceeds that it was obligated to pay.
Damages
Pursuant to the Louisiana Civil Code, the contract between Young Chevrolet and Life Investors provided a damage/indemnity clause that would allow Life Investors to collect the full amount of proceeds paid out due to the negligence of Elizabeth Breaux.
[7Art.2005. Secondary obligation
Parties may stipulate the damages to be recovered in ease of nonperformance, defective performance, or delay in performance of an obligation. That stipulation gives rise to a secondary obligation for the purpose of enforcing the principal one. (emphasis supplied).
The secondary obligation stipulated to in the present case is the indemnity provided for in the indemnity clause, which would reimburse Life Investors in case of loss by the negligence of Young Chevrolet. However, it is clearly characterized as “damages,” and its purpose is only to enforce the principal obligation. The indemnity clause in the contract reads as follows:
10.(a) Account [Young Chevrolet] agrees to indemnify and hold Company [Life Investors] harmless from any and all costs, suits, claims, expenses, demands, liabilities, damages (including reasonable attorney’s fees) arising out of or caused by the negligence or misconduct of Account, its employees ... or caused by the failure of Account to comply with the standards imposed by Company or arising out of its duty or failure to perform duties hereunder. ...
Life Investors is seeking reimbursement of the $25,965.00 loss under the above indemnity clause, and indemnity is nothing more than a form of damages stipulated to by the parties in the contract. Unfortunately, Life Investors failed to bring suit timely to collect those stipulated damages, and it cannot now miseharacterize the nature of its suit to avoid prescription. Indemnity was not the principal obligation of the contract. Hence, the suit of Life Investors is not a suit for specific performance of the principal obligation of the contract to sell insurance, and therefore is not a suit for which specific performance is offered as a remedy under the Louisiana Civil Code. The suit of Life Investors is, however, a suit to recover damages resulting from defective performance and breach of contract. Life Investors attempts to artfully manipulate the semantics and to make much of the fact that specific performance of some contracts means that one party to the contract must | «perform by paying money. It argues that the trial court misunderstood that a money payment is not always damages *523 and that seeking a money payment in this case is seeking specific performance.
We fully understand that concept, and we are certain that the trial court in this case understood that concept. In fact, one of the principal performances of the contract in this case was to pay money in the form of the premiums charged on the insurance sold. If Young Chevrolet had failed to pay that money, and Life Investors sought performance of that obligation, we would agree that its suit is one for specific performance, which is not specifically prohibited after one year by La. R.S. 9:5606. However, such is not the case. Any failure on the part of the trial court to clarify the difference between a primary obligation remedied by specific performance, and a secondary obligation which is itself a damage remedy is inconsequential.
A Suit for Indemnity is a Suit for Damages
Our Supreme Court in Lombardo v. Deshotel, 94-1172, p. 5 (La.11/30/94); 647 So.2d 1086, 1090 citing Civil Code articles and treatises by Litvinoff and Planiol, commented that the two major rights of the obligee are to exact, “insofar as practicable,” (1) specific performance pursuant to La.Civ. Code art.1986, or (2) an indemnity in money, “referred to as damages.” Hence, indemnity is a form of damages. The Supreme Court in Lombardo further determined that when specific performance of the contract is impracticable, indemnity, “accorded as damages,” can be fixed (1) by the court, or (2) by the parties, in advance “by a stipulated damages clause inserted in the contract.” Id. Hence, it cannot be clearer that our Supreme Court, our legislators and our most able legal scholars throughout history hold that “indemnity” clauses are “damages” clauses. Accordingly, seeking to enforce an indemnity clause is seeking damages.
|9Moreover, Black’s Law Dictionary defines “indemnity” as “reimbursement” and defines “indemnify” as “to restore the victim of a loss, in whole or in part, by payment, repair, or replacement ... to make good ... to secure against loss or damage ... to compensate ... to make reimbursement to one of a loss already incurred by him.” “Damages” is defined by Black’s as “a pecuniary compensation or indemnity.” Hence, “indemnity” is a form of “damages.” Therefore, suits for indemnity are prohibited by La.R.S. 9:5606.
Life Investors also contends that the trial court erred in holding that La.R.S. 9:5606 applies to suits for specific performance. As stated, this is not a suit for specific performance of a contract. If it were a suit for specific performance of the contract to sell insurance and collect and forward premiums under the contract, the one year prescriptive period of La.R.S. 9:5606 likely would not apply. Moreover, our reading of the trial court ruling indicates that the trial court did not hold that La.R.S. 9:5606 applied to suits for specific performance, but held only that La.R.S. 9:5606 applied to the suit of Life Investors, which, as stated, is not a suit for specific performance within the meaning of the Civil Code articles. If the trial court did not clarify the differences between the principal obligation and a secondary obligation of a contract, it repeatedly made it clear that Life Investors’ claim for specific performance was really in this case a claim for damages.
IV.

CONCLUSION

Based upon the foregoing reasons, we find that the action of Life Investors is an action for damages and is prescribed under La.R.S. 9:5606. Accordingly, we affirm the judgment of the trial court with all costs assessed against Life Investors Insurance Company of America.
AFFIRMED.
WOODARD, J., CONCURS.

. Life Investors argues that the actions of Breaux did not constitute "breach of contract” such that the statute applies. We disagree. It further contends that the phrase "or otherwise” is not a “catch-all" phrase as held by the trial court. It argues that "or otherwise” must be replaced with “specific performance" to determine whether the sentence is grammatically logical, and that *522 the substitution renders it illogical. However, this lack of logic is due to the fact that "specific performance” is a remedy, not a cause of action. In La.R,S. 9:5606 above, the terms “tort” and “breach of contract" are causes of action. Therefore, “or otherwise,” which follows immediately behind those terms, refers to some other applicable cause of action, and the remedy sought, “specific performance” should not be inserted there. If Life Investors wants to argue grammar, any substitution for clarification’s sake should occur in the beginning of the sentence with the first object (damages) of the first preposition (of) modifying the subject (suit), that is, "damages." Life Investors clearly and simply seeks indemnity for its loss. Therefore, "indemnity” should be substituted for “damages” to determine whether the sentence is logical. Hence the phrase would read, "no action for indemnity ... shall be brought unless filed within one year....” This substitution is logical and grammatically correct because indemnity is a form of damages.